IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN QUINN,

        Plaintiff,                    No. CIV S-11-1387 MCE DAD P

    vs.

SACRAMENTO COUNTY JAIL,

        Defendant.              ORDER
_____/

        Plaintiff is a county inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of

1

the preceding month's income credited to plaintiff's trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

## SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

1 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
2 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
3 doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

4       The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

8 42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the
9 actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See
10 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
11 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the
12 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
13 omits to perform an act which he is legally required to do that causes the deprivation of which
14 complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

15       Moreover, supervisory personnel are generally not liable under § 1983 for the
16 actions of their employees under a theory of respondeat superior and, therefore, when a named
17 defendant holds a supervisorial position, the causal link between him and the claimed
18 constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862
19 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory
20 allegations concerning the involvement of official personnel in civil rights violations are not
21 sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## PLAINTIFF'S COMPLAINT

23       In the caption of his complaint, plaintiff has identified the Sacramento County
24 Jail, medical staff, and Dr. Peterson as the defendants. Plaintiff's complaint is difficult to
25 decipher in that it contains no specific factual allegations. In the section of the form complaint
26 asking him for his "Statement of Claim," plaintiff simply refers the court to his attached exhibits.

According to plaintiff's exhibits, it appears that plaintiff suffered a cracked rib prior to his incarceration and takes issue with the medical care he has received at the jail. In terms of relief, plaintiff requests monetary damages. (Compl. at 5 & Attachs.)

**DISCUSSION**

The allegations of plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is advised that, if he elects to proceed with this action by filing an amended complaint, he should specify who the defendants are in this action. As noted above, in

the caption of his complaint plaintiff lists the Sacramento County Jail, medical staff, and Dr. Peterson as the defendants. However, in his complaint, plaintiff has not included any specific allegations of wrong doing by these defendants. In determining who to name as defendant(s) in this action, plaintiff should consider who has allegedly denied him medical care for his cracked rib. For example, if a specific doctor or nurse at the jail has refused to provide him with necessary medical attention, plaintiff should consider naming him or her as the defendant or one of the defendants in any amended complaint he elects to file.

In addition, plaintiff must allege in specific terms how each named defendant was involved in the deprivation of his constitutional rights. To the extent that plaintiff wishes to proceed on an inadequate medical care claim, he is advised that he must allege how each defendant's conduct rose to the level of "deliberate indifference." Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835. Under the deliberate indifference standard, a person may be found liable for denying adequate medical care if he "knows of and disregards an excessive risk to inmate health and safety." Id. at 837. See also Estelle v. Gamble, 429 U.S. 97, 106 (1976); Lolli v. County of Orange, 351 F.3d 410, 418-19 (9th Cir. 2003); Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). A deliberate indifference claim predicated upon the failure to provide medical treatment has two elements:

> First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.

Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991) (an Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need."), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

/////

1    Plaintiff is informed that the court cannot refer to a prior pleading in order to
2 make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
3 complaint be complete in itself without reference to any prior pleading.  This is because, as a
4 general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375
5 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
6 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
7 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

9    Accordingly, IT IS HEREBY ORDERED that:

10    1. Plaintiff's application to proceed in forma pauperis (Doc. No. 2) is granted.

11    2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
12 The fee shall be collected and paid in accordance with this court's order to the Sheriff of
13 Sacramento County filed concurrently herewith.

14    3. Plaintiff's complaint is dismissed.

15    4. Plaintiff is granted thirty days from the date of service of this order to file an
16 amended complaint that complies with the requirements of the Civil Rights Act, the Federal
17 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
18 docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an
19 amended complaint in accordance with this order will result in a recommendation that this action
20 be dismissed without prejudice.

21    5. The Clerk of the Court is directed to send plaintiff the court's form for filing a
22 civil rights action.

23 DATED: July 19, 2011.

25 DAD:9
quin1387.14a

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

6