IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN QUINN,

     Plaintiff,               No. 2:11-cv-1387 MCE DAD P

     vs.

SACRAMENTO COUNTY JAIL,

     Defendant.          <u>ORDER</u>

          Plaintiff is a county inmate proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint.

**SCREENING REQUIREMENT**

          The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915A(b)(1) & (2).

/////

1

1   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7   Cir. 1989); Franklin, 745 F.2d at 1227.

8   Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
9   plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
10  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
11  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
12  (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must
13  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
14  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,
15  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
16  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
17  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
18  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

19  The Civil Rights Act under which this action was filed provides as follows:

20  Every person who, under color of [state law] . . . subjects, or causes
    to be subjected, any citizen of the United States . . . to the
21  deprivation of any rights, privileges, or immunities secured by the
    Constitution . . . shall be liable to the party injured in an action at
22  law, suit in equity, or other proper proceeding for redress.

23  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
24  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
25  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
26  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

2

meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### PLAINTIFF'S AMENDED COMPLAINT

In his amended complaint, plaintiff has identified Dr. Peterson and "jail medical staff" as the defendants. Plaintiff alleges that he saw Dr. Peterson on April 28, 2011, and was told he had a lipoma on his back that needed to be removed. Dr. Peterson said he would schedule plaintiff for a follow-up appointment, but according to plaintiff, that was three months ago and he still has not been seen. Plaintiff also alleges that medical staff at the jail has prescribed him the wrong medication causing him temporary illnesses and that he has pending requests for dental treatment for an infection that has not received proper attention since he has been housed at the jail. In terms of relief, plaintiff requests monetary damages. (Am. Compl. at 5 & Attachs.)

### DISCUSSION

The allegations in plaintiff's amended complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and

1  succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff
2  must allege with at least some degree of particularity overt acts which defendants engaged in that
3  support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R.
4  Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file a
5  second amended complaint.
6         If plaintiff chooses to file a second amended complaint, he must allege facts
7  demonstrating how the conditions complained of resulted in a deprivation of his federal
8  constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The
9  amended complaint must allege in specific terms how each named defendant was involved in the
10 deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is
11 some affirmative link or connection between a defendant's actions and the claimed deprivation.
12 Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);
13 Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of
14 official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673
15 F.2d 266, 268 (9th Cir. 1982).
16        Based on plaintiff's allegations, plaintiff appears dissatisfied with the medical and
17 dental care he has received at the jail.  The Ninth Circuit Court of Appeals has made clear that
18 "the 'deliberate indifference' standard applies to claims that correction facility officials failed to
19 address the medical needs of pretrial detainees."  Clouthier v. County of Contra Costa, 591 F.3d
20 1232, 1242 (9th Cir. 2010).  See also Simmons v. Navajo County, 609 F.3d 1011, 1017 (9th Cir.
21 2010) ("Although the Fourteenth Amendment's Due Process Clause, rather than the Eighth
22 Amendment's protection against cruel and unusual punishment, applies to pretrial detainees, we
23 apply the same standards in both cases.") (internal citations omitted).
24        Deliberate indifference is "a state of mind more blameworthy than negligence"
25 and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"
26 Farmer, 511 U.S. at 835.  Under the deliberate indifference standard, a person may be found

1  liable for denying adequate medical care if he "knows of and disregards an excessive risk to

2  inmate health and safety." Id. at 837. See also Estelle v. Gamble, 429 U.S. 97, 106 (1976); Lolli

3  v. County of Orange, 351 F.3d 410, 418-19 (9th Cir. 2003); Doty v. County of Lassen, 37 F.3d

4  540, 546 (9th Cir. 1994). A deliberate indifference claim predicated upon the failure to provide

5  medical treatment has two elements:

> First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.

9  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); McGuckin v. Smith, 974 F.2d 1050, 1059

10 (9th Cir. 1991) (an Eighth Amendment medical claim has two elements: "the seriousness of the

11 prisoner's medical need and the nature of the defendant's response to that need."), overruled on

12 other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

13         If plaintiff elects to pursue this action by filing a second amended complaint, he

14 will need to allege facts demonstrating how any named defendant's actions rose to the level of

15 "deliberate indifference." Plaintiff is cautioned, however, that mere differences of opinion

16 between a prisoner and prison medical staff or between medical professionals as to the proper

17 course of treatment for a medical condition do not give rise to a § 1983 claim. See Toguchi v.

18 Soon Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330,

19 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662

20 F.2d 1337, 1344 (9th Cir. 1981). In addition, before it can be said that a prisoner's civil rights

21 have been abridged, "the indifference to his medical needs must be substantial. Mere

22 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."

23 Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

24 Finally, to establish a claim of deliberate indifference arising from delay in providing care, a

25 plaintiff must allege facts showing that the delay was harmful. See Berry v. Bunnell, 39 F.3d

26 1056, 1057 (9th Cir. 1994); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled

on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). See also McGuckin, 974 F.2d at 1060.

Plaintiff is reminded that the court cannot refer to prior pleadings in order to make his second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the prior pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint (Doc. No. 10) is dismissed;

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice; and

/////

/////

/////

6

       3. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED: July 12, 2012.

                                             */s/ Dale A. Drozd*
                                             DALE A. DROZD
                                             UNITED STATES MAGISTRATE JUDGE

DAD:9
quin1387.14am